**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN ARMANDO CAYCHO MACHAZEK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-07109-JLT-HBK<br><br>A-Number: 204-686-316<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 3) |

## I. INTRODUCTION

Before the Court is Jonathan Armando Caycho Machazek's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) For the reasons set forth below, the Court **GRANTS IN PART** the habeas petition.[1]

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 6.) Considering this and given that the parties had notice and opportunity to respond, the Court decides this case on the underlying petition.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Peru who first entered the United States as a minor on or around September 6, 1998, on a B2 nonimmigrant visitor visa with authorization to remain in the United States not to exceed March 5, 1999. (Doc. 8-1 at 2.) Petitioner never left the United States as required. (*Id.*) Petitioner was previously granted Deferred Action for Childhood Arrivals ("DACA") by United States Citizenship and Immigration Services ("USCIS") from May 29, 2013, until May 28, 2015, and then from June 9, 2015, until June 8, 2017. (*Id.*) Petitioner was last approved for DACA on September 28, 2017, with authorization until September 27, 2019. (*Id.*) Petitioner was granted Employment Authorization (EAD) by USCIS from May 29, 2013, until May 28, 2015, and then from June 9, 2015, until June 8, 2017. (*Id.*) Petitioner was last approved for an EAD on September 28, 2017, with authorization until September 27, 2019. (*Id.*) Petitioner has pending applications for asylum (Form I-589) and Withholding of Removal. (*Id.*)

Petitioner has an extensive history of prior encounters with law enforcement in the United States: Arrested on January 30, 2015, for Possession of 20 Grams or Less of Marijuana (Fl. Stat. § 893.13(6)(b); disposition: unknown), Possession of Drug Paraphernalia with Intent to Use (Fl. Stat. § 893.147(1); disposition: unknown), Resisting Officer Without Violence (Fl. Stat. § 843.02; disposition: unknown); arrested on October 2, 2017, for Improper Exhibition of a Dangerous Weapon or Firearm (Fl. Stat. § 790.10, disposition: guilty, 12 months of probation), Battery (Fl. Stat. § 784.03(1)(a)(1); disposition: adjudication withheld), Criminal Mischief with Damage to Property Over $200 (Fl. Stat. § 806.13); disposition: unknown), and Possession of 20 Grams or Less of Marijuana (Fl. Stat. § 893.13(6)(b); disposition: guilty); incurred a probation violation of June 18, 2018 (positive drug test for THC, Cocaine, and Benzodiazepines; sentenced

to 75 days imprisonment); arrested on February 5, 2024, for Resisting Officer Without Violence (Fl. Stat. § 843.02; disposition: unknown) and Trespassing (Fl. Stat. § 843.08(1); disposition: guilty). (*See* Doc. 8-2, FBI "RAP" Sheet.)

On July 16, 2026, Petitioner was encountered by ICE at the Orange County, Florida, jail after being arrested for obstruction without violence and misuse of 911 services. (Doc. 8-1 at 2.) Petitioner was then transferred to ICE custody pursuant to a previous detainer and then charged as removable pursuant to INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (*Id.*) Petitioner was then transferred to the Central Valley Annex Detention Center in McFarland, California, where he remains. (Doc. 1 at 1.)

On September 4, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (*See* Doc. 1 at 25.) Petitioner requests immediate release or for the Court to order Respondents to provide him with a bond hearing. (*Id*. at 29-30.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) after overstaying his nonimmigrant visa. (Doc. 8 at 1.)

## IV. DISCUSSION

Petitioner has been charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and his detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 8 at 1.) Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Although Respondents did not provide copies of the relevant Form I-200 Administrative Warrant and Notice to Appear, the Court infers from Respondents' argument that the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome of his removal proceedings. 8 C.F.R. § 1236.1(b)(1) provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger, or that this Court orders his immediate release. (*See* Doc. 1 at 29-30.) However, given that Petitioner overstayed his visa, Petitioner is only entitled to the relief afforded by applicable regulations.

As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). As such, the Court grants Petitioner's habeas petition to the extent he requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.
3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a

later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

7. The Clerk of Court is directed to serve the Central Valley Annex Detention Center in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 16, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.